# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ALVIN DEJUAN AIKENS**                                                              **PETITIONER**
**ADC #160951**

**v.**                              **Case No. 4:25-cv-01031 KGB**

**DEXTER PAYNE**                                                                        **RESPONDENT**

## ORDER

Before the Court are the Proposed Findings and Recommended Disposition ("Recommendation") submitted to the Court by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 14). Plaintiff Alvin Dejuan Aikens responded with objections to the Recommendation (Dkt. No. 15). After careful consideration of the Recommendation and the objections, and after a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 14).

Also before the Court is Aikens's motion to correct docket text entered on 10/01/2025, motion to conduct a mediation hearing to establish an amicable agreement between both parties to resolve this case, motion for appointment of counsel, motion for immediate transfer from this illegal detainment of false imprisonment/or release him from this illegal detainment, and motion for preliminary injunction, all of which were filed prior to Judge Kearney entering his Recommendation, and Aikens's motion to expand the record, motions to produce exhibit, and motion for evidentiary hearing (Dkt. Nos. 2; 5; 7; 12; 13; 16; 17; 18; 19; 20; 21; 22). The Court has reviewed carefully, in its *de novo* review of the record in making this decision, all of Aikens's filings. Those filings do not alter this Court's decision to adopt the Recommendation.

The Court writes to correct a scrivener's error and to address Aikens's objections.

First, the Recommendation explains that Aikens's first 28 U.S.C. § 2254 *habeas corpus* petition was denied and dismissed with prejudice by Judge Moody in *Aikens v. Kelly* (Dkt. No. 14, at 2 (citing Case No. 5:17-cv-00288 (E.D. Ark. 2017) (Dkt. No. 15)).    However, the Recommendation later refers to the dismissal of Aikens's petition by Judge Volpe in Case No. 5:15-cv-00374-JJV (Dkt. No. 14, at 4).  The Court corrects the reference to 5:15-cv-00374-JJV, as that is an incorrect reference.  Aikens's first petition was dismissed in Case No. 5:17-cv-00228.  It is the denial in Case No. 5:17-cv-00228 that forms the basis of the Court's determination that Aikens's petition in this case is a successive petition for writ of *habeas corpus* brought without permission from the Eighth Circuit.  Since that first case, Aikens has filed other petitions, prior to the current one, that have been denied as successive petitions, including in Case No. 4:22-cv-01115-JM (Dkt. No. 14, at 4).

Second, the Court overrules Aikens's objections.  Aikens's first objection is that his first petition for writ of *habeas corpus* was not decided on the merits, so his later petitions should not be considered as second or successive petitions under *Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (Dkt. No. 15, at 2).  In Aikens's first petition for writ of *habeas corpus*, Judge Moody dismissed Aikens's petition with prejudice because it was not timely filed under 28 U.S.C. § 2254.  The determination that Aikens's first petition was not timely acts as an adjudication on the merits. *Hightower v. Buckner*, Case No. 4:22-cv-00265-JMB 2022 WL 705514, at *3 (E.D. Mo. 2022) ("The dismissal of a federal *habeas* petition on the basis of untimeliness is a determination on the merits for purposes of the successive petition rule.").

Aikens's second objection is that he raises new claims to the Court in this petition (Dkt. No. 15, at 3).  Aikens's petition involves the same state conviction and judgment as the previous petitions and raises some of the same grounds as those raised in previous petitions.  As the current

2

Recommendation explains, those claims must be dismissed under 28 U.S.C § 2244(b)(1) (Dkt. No. 14, at 3–4).  Moreover, to the extent that Aikens raises new claims to the Court, Aikens has failed to show that he meets a § 2244(b)(2) exception or that he has sought permission to file a successive petition from the Eighth Circuit Court of Appeals under § 2244(b)(3).  Accordingly, the Court overrules Aikens's objections.

For these reasons, the Court adopts the Recommendation (Dkt. No. 14).  As stated, the Court has reviewed carefully, in its *de novo* review of the record in making this decision, all of Aikens's filings.  Those filings do not alter this Court's decision to adopt the Recommendation.  As a result, the Court denies as moot Aikens's pending motions (Dkt. Nos. 2; 5; 7; 12; 13; 16; 17; 18; 19; 20; 21; 22).  The Court dismisses, without prejudice, Aikens's petition for writ of *habeas corpus*, denies any requested relief, and judgment is entered for respondent Dexter Payne.  The Court declines to issue a certificate of appealability because Aikens has not made a showing of a denial of a constitutional right.  *See* 28 U.S.C. § 2253(c).

It is so ordered this 8th day of June, 2026.

Kristine G. Baker
Chief United States District Judge

3